IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY M. CHARLTON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 19-2896 |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Ricky M. Charlton ("Charlton" or "Plaintiff") seeks review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") decision denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[1] For the reasons set forth below, Charlton's case will be dismissed for failure to prosecute.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Charlton was born on April 30, 1971.  R. at 20.[2]  He has a limited education and is able to communicate in English.  Id.  Charlton protectively filed for SSI on August 18, 2015.  Id. at 12.  His application was initially denied on December 9, 2015.  Id.  Charlton then filed a written request for a hearing on January 18, 2016.  Id.  A hearing before an Administrative Law Judge ("ALJ") was held on February 22, 2018.  Id.  On April 27, 2018, the ALJ issued an opinion determining that Charlton was not disabled.  Id. at 9-26.  Charlton filed an appeal with the

---

[1]   In accordance with 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment.  See Doc. No. 3.

[2]   Citations to the administrative record will be indicated by "R." followed by the page number.

Appeals Council on July 3, 2018. Id. at 154-55. On May 1, 2019, the Appeals Council denied Charlton's request for review, thereby affirming the decision of the ALJ as the final decision of the Commissioner. Id. at 1-5.

Charlton filed a Complaint with this Court appealing the Commissioner's final decision on July 2, 2019. Doc. No. 2. The undersigned granted Charlton's application to proceed in forma pauperis and deemed his Complaint filed on July 9, 2019. Doc. No. 5. On October 16, 2019, the Commissioner filed an Answer to Charlton's Complaint, together with a copy of the Administrative Record. Doc. Nos. 11 & 12. Pursuant to this Court's Standing Procedural Order for Cases Seeking Social Security Review, Charlton had 45 days from when the Commissioner served and filed the Answer and the Administrative Record within which to file his "Brief and Statement of Issues in Support of Request for Review." See Doc. No. 6. On January 29, 2020, Charlton filed a one-page letter from his primary-care provider as an "Exhibit." See Doc. No. 13. However, he filed no brief or other correspondence with the Court. Having received no filings from Charlton, the undersigned entered an Order on September 1, 2020, directing Charlton to show cause why this matter should not be dismissed for lack of prosecution. Doc. No. 14. The Order gave Charlton 45 days in which to either: (1) file and serve his Brief and Statement of Issues in Support of Request for Review; or (2) show cause in writing why this action should not be dismissed for failure to prosecute. Id. The Order explicitly informed Charlton that failure to comply with the Order would result in dismissal of this action for failure to prosecute. Id. To date, Charlton has not filed a brief, or otherwise responded to the Order.

**II.     DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part, "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move

to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  This Rule has been interpreted to permit a district court to dismiss an action sua sponte.  See Shields v. Comm'r of Soc. Sec., 474 F. App'x 857, 858 (3d Cir. 2012).  Dismissal for failure to prosecute may be appropriately invoked only after analyzing six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.  Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  No single Poulis factor is determinative and dismissal may be appropriate even if some of the factors are not met.  See Shields, 474 F. App'x at 858.  "There is no 'magic formula' or 'mechanical calculation' for balancing the Poulis factors, and a District Court need not find all of the factors satisfied in order to dismiss a complaint."  Qadr v. Overmyer, 642 F. App'x 100, 102-03 (3d Cir. 2016) (citing Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008)).

      Here, the majority of the Poulis factors weigh in favor of dismissing this case.  In analyzing the first Poulis factor, the delay in prosecuting this case can be attributed to Charlton personally.  Charlton has had approximately one year to file a supporting brief, but he has not done so.  See, e.g., Muhammad v. Court of Common Pleas of Allegheny County, 532 F. App'x 106, 108 (3d Cir. 2013) (concluding that the first Poulis factor weighed against the plaintiff because "a pro se litigant [] is solely responsible for the progress of his [or her] case") (internal quotation marks and citations omitted).  Similarly, the second and third Poulis factors, prejudice to the adversary caused by Charlton's conduct and a history of dilatoriness, weigh in favor of dismissal of this action.  Charlton's failure to file a supporting brief has caused prejudice to the

Commissioner, who has been unable to move the case any closer to resolution.  Further, Charlton's lack of substantive action since this case was filed demonstrates a history of dilatoriness.  With respect to the fourth factor, it is not clear that Charlton's failure to prosecute stems from willfulness or bad faith.  However, with respect to the fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in matters involving a pro se plaintiff proceeding in forma pauperis who fails to comply with court orders, alternative sanctions are not effective.  See, e.g., Briscoe, 538 F.3d at 262-63.  The final Poulis factor, meritoriousness of the claims, cannot be evaluated because Charlton never filed a brief.  Therefore, this factor does not work in Charlton's favor to avoid dismissal of this case.

Accordingly, the Poulis factors weigh in favor of dismissing this action for a failure to prosecute.

### III.   CONCLUSION

For the reasons set forth above, this action is dismissed for a failure to prosecute.  An appropriate Order follows.

Dated: November 24, 2020

> BY THE COURT:
>
> */s/ Marilyn Heffley*
> MARILYN HEFFLEY
> UNITED STATES MAGISTRATE JUDGE